UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6736 CAS (JEMx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | RUBI PACIFUENTES V. PMAC LENDING SERVICES, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| PAUL PIERSON | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   (In Chambers)  ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

**I.     INTRODUCTION**

On August 5, 2009, plaintiff Rubi Pacifuentes filed suit against defendants PMAC Lending Services, Inc. ("PMAC"); OneWest Bank, F.S.B., ("OneWest") f/k/a IndyMac Bank, F.S.B.; North American Title Company, Inc.; Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1 through 100 in Los Angeles County Superior Court. Plaintiff alleges claims against defendants for (1) setting aside wrongful foreclosure and wrongful trustee sale; (2) common law fraud and negligent misrepresentation; (3) fraudulent and deceptive business practices in violation of Cal. Bus. & Prof. Code § 17200; (4) breach of contract; (5) breach of fiduciary duty; (6) breach of implied covenant of good faith and fair dealing; (7) false and misleading statements pursuant to Cal. Fin. Code §§ 50700-01; (8) violation of Consumer Legal Remedies Act, Civil Code § 1750 et seq.; (9) deceit pursuant to Cal. Civil Code § 1710; (10) declaratory relief; (11) failure to offer modification or loan workout pursuant to Cal. Civil Code § 2923.6; (12) injunctive relief; (13) intentional infliction of emotional distress; (14) negligence; (15) quiet title to real property; (16) slander of title; (17) unfair debt collection practices pursuant to Cal. Civil Code § 1788.17; (18) unjust enrichment; (19) violation of Cal. Bus. & Prof. Code § 17500; (20) predatory lending pursuant to Cal. Fin. Code § 4973; and (21) failure to provide contract in Spanish pursuant to Cal. Civ. Code § 1632.

On September 16, 2009, defendant OneWest removed this case to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  Notice of Removal ¶ 4.  On October 19, 2009, plaintiff dismissed defendants PMAC, MERS, and North

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6736 CAS (JEMx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | RUBI PACIFUENTES V. PMAC LENDING SERVICES, INC. | | |

American Title Company, Inc.

**II. DISCUSSION**

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Defendant contends that removal is proper because "[t]he complaint alleges violations of various federal statutes, including the Fair Debt Collections Act, 41 U.S.C. 1692 et seq. and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. Notice of Removal ¶¶ 3-4. Indeed, federal law is mentioned solely in plaintiff's seventeenth claim for unfair debt collection practices pursuant to Cal. Civ. Code § 1788.17. See Compl. ¶¶ 209, 214-215. Notwithstanding OneWest's assertion that a federal question exists, it does not appear that this state law claim necessarily depends on federal law.[1] Without a showing that plaintiffs invoked a federal claim or that plaintiff's

---

[1] "[T]he Ninth Circuit has made clear that a claim supported by alternative theories in the complaint may not be characterized as 'necessarily federal' unless the federal law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6736 CAS (JEMx) | Date | January 14, 2010 |
|---|---|---|---|
| Title | RUBI PACIFUENTES V. PMAC LENDING SERVICES, INC. | | |

right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

OneWest is hereby ORDERED to SHOW CAUSE on or before January 29, 2010, why the instant action should not be remanded for lack of subject matter jurisdiction in a response not to exceed ten pages. Plaintiff shall file a reply not to exceed ten pages on or before February 5, 2010.

IT IS SO ORDERED.

|  | : | n/a |
|---|---|---|
| Initials of Preparer: | | PDP |

---

question is essential to each of those theories." T & E Pastorino Nursery v. Duke Energy Trading & Marketing LLC, 268 F.Supp.2d 1240, 1248 (S.D. Cal.2003) (citing Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996)); see also Mangini v. R.J. Reynold Tobacco Co., 793 F.Supp. 925, 927-28 (N.D.Cal.1992) (noting that UCL (footnote 1 continued) allegations predicated in part on Federal Cigarette Labeling and Advertising Act did not confer jurisdiction).