UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 09-6736 CAS (JEMx) | Date | February 9, 2010 |
|---|---|---|---|
| Title | RUBI PACIFUENTES v. PMAC LENDING SERVICES, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| PAUL D. PIERSON | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers)  **ORDER DISCHARGING ORDER TO SHOW CAUSE AND REMANDING TO LOS ANGELES SUPERIOR COURT**

On January 14, 2010, this Court ordered defendant to show cause why this case should not be remanded to state court. On January 28, 2010, defendant filed a response to the Court's order. On February 2, 2010, plaintiff filed a reply.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 09-6736 CAS (JEMx) | Date | February 9, 2010 |
|---|---|---|---|
| Title | RUBI PACIFUENTES v. PMAC LENDING SERVICES, INC. | | |

Defendant responds that removal is proper because the complaint mentions federal law in two claims. Resp. at 3. Defendant asserts that in plaintiff's seventeenth claim for unfair debt collection practices pursuant to the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.17, plaintiff alleges that defendant violated the federal Fair Debt Collections and Practices Act ("FDCPA"), 41 U.S.C. § 1692 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601. Id. Defendant further asserts that in plaintiff's twenty-first claim for failure to provide a contract in Spanish in violation of Cal. Civil Code § 1632, she alleges that her "loan was a federally regulated residential mortgage loan," and that defendant "never provided a Spanish translation of the disclosures required by Regulation M or Regulation Z" in violation of Cal. Civil Code § 1632. Id.

Plaintiff replies that she "nowhere alleges violations of federal law except as those codified in state law," and that "[p]laintiff seeks no damages or relief under any federal claim." Reply at 2. Plaintiff asserts that her sole mention of federal law in her complaint relates exclusively to state statutes that themselves cite to various federal statutes. Id.

Although plaintiff's seventeenth and twenty-first claims reference federal statutes, such references are inevitable as the California legislature incorporated portions of these statutes into its law. See Ortega v. HomEq Servicing, 2010 WL 383368, at *5-6 (C.D. Cal. 2010); Reyes v. Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007) (outlining the California legislature's incorporation of many provisions of FDCPA into RFDCPA). Because the provisions are incorporated in and made part of state law, referencing the federal statutes does not automatically transform plaintiff's claims into federal claims. See Cable v. Protection One, Inc., 2009 WL 2970111 (C.D. Cal. Sept. 9, 2009) ("To whatever extent RFDCPA imports elements of FDCPA, it remains a state claim, and does not invoke federal policies of such significance to warrant federal question jurisdiction,"). See also Britz v. Cowan, 192 F.3d 1101, 1103 (7th Cir. 1999) ("[A] state cannot expand federal jurisdiction by deciding to copy a federal law.").

In its notice of removal or its response to this Court's order dated January 14, 2010, defendant does not assert that the federal statutes completely preempt RFDCPA or Cal. Civil Code § 1362, and does not identify a contested federal question involving the federal statutes incorporated into RFDCPA or Cal. Civil Code § 1362 that would support federal jurisdiction. A claim does not present a "substantial question" of federal law merely because a federal statute is an "ingredient" of a state cause of action. Merrell

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 09-6736 CAS (JEMx) | Date | February 9, 2010 |
| Title | RUBI PACIFUENTES v. PMAC LENDING SERVICES, INC. | | |

Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."). Without a showing that plaintiffs invoked a federal claim or that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331. Accordingly, the Court DISCHARGES its January 14, 2010 order to show cause, and REMANDS the instant action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  |  | : | n/a |
|---|---|---|---|
|  | Initials of Preparer | PDP |  |